UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AURELIO M. SEPULVEDA, | ) | CV F 03 6854 OWW SMS |
| | ) | |
| Plaintiff, | ) | ORDER DEEMING PLAINTIFF'S MOTION |
| | ) | TO COMPEL (DOC. 33) TO BE A |
| | ) | REQUEST FOR PRODUCTION |
| v. | ) | |
| | ) | ORDER DENYING PLAINTIFF'S MOTION |
| UNITED STATES, | | TO COMPEL PRODUCTION OF DOCUMENTS |
| | ) | AND FOR SUBPOENA DUCES TECUM |
| Defendant. | ) | WITHOUT PREJUDICE (DOC. 35) |
| | ) | |
| | ) | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil action. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

On February 9, 2005, Plaintiff filed a request for production of documents which was docketed as a motion for production of documents. Review of the document reveals that it was not a motion. Thus, the Court DEEMS Plaintiff's document docketed as document number 33 to be a request for production of documents that was directed to a party, and not a motion. Thus, no action of the Court is required in response to this filing.

On May 5, 2005, Plaintiff filed a document that was both a

1  notice of motion and motion to compel production of documents,
2  and a request for a subpoena duces tecum to a nonparty. Defendant
3  filed opposition on May 10, 2005.

4  The Court notes that Defendant's motion to dismiss the
5  second amended complaint, or, in the alternative, for summary
6  judgment, which was filed on November 3, 2004, remains pending
7  before the District Judge.

8  A court has inherent power to control its docket and the
9  disposition of its cases with economy of time and effort for both
10 the court and the parties. Landis v. North American Co., 299 U.S.
11 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th
12 Cir. 1992). Further, except in exceptional cases or when
13 otherwise authorized by rule or agreement of the parties, a party
14 may not seek discovery from any source before the parties have
15 conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d). In
16 addition, the Court is authorized to organize and schedule the
17 process of discovery pursuant Fed. R. Civ. P. 26(a) and (f).

18 In the present case, because there has been no resolution of
19 the pending motion to dismiss brought by Defendant, the pleadings
20 are not quiet. Because of the stage of the pleadings, the Court
21 is unable to determine basic matters germane to discovery, such
22 as the issues in the case and the scope of discovery. Because of
23 the pendency of a motion to dismiss, there has been no conferring
24 pursuant to Rule 26(f) or scheduling conference for arranging
25 disclosure and discovery. Therefore, discovery would be
26 premature.

27 Accordingly, Plaintiff's motion to compel production of
28 documents and a request for a subpoena duces tecum to a nonparty

1  ARE DENIED WITHOUT PREJUDICE to refiling after the Court's
2  determination of the motion to dismiss or for summary judgment in
3  the alternative.

IT IS SO ORDERED.

**Dated:   May 31, 2005**          /s/ Sandra M. Snyder
icido3                             UNITED STATES MAGISTRATE JUDGE

3