**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AURELIO MARTIN SEPULVEDA**<br><br>          **Petitioner,**<br><br>  **v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>          **Respondent.** | **1:03-CV-06854 OWW SMS**<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(c)** |

## I. INTRODUCTION

Aurelio Martin Sepulveda ("Plaintiff") filed a complaint seeking a refund for taxes alleged to have been erroneously assessed and collected by the Internal Revenue Service ("IRS"). The United States ("Defendant") moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) or in the alternative, for summary judgment pursuant to Rule 56(c).

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff is incarcerated at the California Substance Abuse Treatment Facility and State Prison-Corcoran ("CSATF/SP"). (Doc. 18, Second Am. Compl., filed July 15, 2004, ¶ 3.)

Plaintiff asserts that, while incarcerated, (i) he was employed by CSATF/SP as a welder, cook, sack lunch preparer, and "Scullary Leadman" during the 2002 tax year; (ii) the prison paid

1

1  federal taxes on his behalf; and (iii) such payment was credited
2  to his social security number.  (Doc. 18 at ¶ 10-14, 18.)
3  Plaintiff also alleges that on or about March 3, 2003, he filed
4  (i) a claim with the IRS for refund "of taxes erroneously
5  assessed and wrongfully collected for wages earned and taxes
6  paid," and (ii) a federal tax return showing a refund of
7  $1,142.00 due for taxes paid in 2002.  (Doc. 18 at ¶ 10-14, 17,
8  19, 37.)  Attached to the tax return was an "Inmate Work
9  Supervisor's Time Log Sheet," in lieu of a Form W-2.  (Doc. 18 at
10 ¶ 19.)

11      On July 28, 2003, the IRS notified Plaintiff that the
12 alleged refund would not be issued because CSATF/SP "informed us
13 they did not employ you at any time during calendar year 2002."
14 (Doc. 18 at Ex. C.)  Plaintiff alleges that he submitted a second
15 "Formal Notice of Appeal" to the IRS on or about August 25, 2003.
16 (Doc. 18 at ¶ 27.)

17      On December 16, 2003, Plaintiff filed this lawsuit against
18 the United States of America.  (Doc. 1, Compl., filed Dec. 16,
19 2003.)  He filed a first amended Complaint on May 5, 2004.  (Doc.
20 16, First Am. Comp., filed May 5, 2004.)  Both complaints were
21 dismissed with leave to amend.  (Doc. 4, Order to Dismiss Compl.,
22 filed Dec. 23, 2003; Doc. 17, Order to Dismiss First Am. Compl.,
23 filed June 16, 2004.)  Plaintiff filed a second amended complaint
24 seeking recovery of taxes withheld and paid to the IRS in the
25 amount of $1,142.00.  (Doc. 18 at ¶ 24.)  Exhibits attached to
26 Second Amended Complaint include a summary of Plaintiff's 2002
27 tax year from the State of California Franchise Tax Board showing
28 taxable income of $2,202 and $21 in paid taxes.  (Doc. 18 at Ex.

**2**

B.)

Defendant now moves to dismiss for failure to state a claim upon which relief could be granted, or in the alternative, for summary judgment. (Doc. 25, Mot. to Dismiss Second Am. Compl., filed Nov. 3, 2004.) In support of its motion, Defendant filed the declaration of Ronald R. Hansen, the Custody Captain of the Investigative Service Unit at CSATF/SP, in which Mr. Hansen declares:

> Every able-bodied person committed to the custody of the Director of Corrections must work as assigned by the department staff and personnel of other agencies to whom the prisoner's custody and supervision may be delegated [and t]he amounts paid to inmates assigned to appropriate work, education, vocation, therapeutic, or other institution are <u>not subject to federal or state withholding</u>.

(Doc. 27, filed Nov. 3, 2004, ¶ 3-4 (emphasis added).)

Plaintiff opposes the motion and seeks discovery under Federal Rules of Civil Procedure 56(f). (Doc. 29, Opp'n to Mot. to Dismiss Second Am. Compl., filed Dec. 10, 2004.) Thereafter, Plaintiff moved for the production of documents and names and business addresses of outside contractors. (Doc. 33, Mot. for Produc. of Docs., filed Feb. 09, 2005.) He later filed a motion to compel production of documents and request for a subpoena duces tecum to a nonparty. (Doc. 35, Motion to Compel, filed June 5, 2005.)

Plaintiff's motion for production of documents was deemed to be a request for production. (Doc. 38, Order Den. Mot. for Disc. and Mot. To Compel, filed June 1, 2005 at 1.) Plaintiff's motion to compel production of documents and request for a subpoena duces tecum were denied without prejudice to refiling after

**3**

determination of the motion to dismiss or for summary judgment in the alternative.[1]  (Doc. 38 at 2-3.)

### III. STANDARDS OF REVIEW

#### A. Motion to Dismiss

A motion to dismiss for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) should not be granted unless it appears beyond any doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  In deciding whether to grant a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  "The Court need not however accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

#### B. Motion for Summary Judgment

Summary judgment is warranted only "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact."  Federal Rules of Civil

---

[1] No party explains how Hansen's declaration stating that no state or federal taxes was withheld from Plaintiff may be consistent with the fact that Plaintiff's summary for the 2002 tax year indicates payment of state taxes for that year.

Procedure 56(c); *California v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998). Therefore, to defeat a motion for summary judgment, the non-moving party must show (i) that a genuine factual issue exists and (ii) that this factual issue is material. *Id.* A genuine issue of fact exists when the non-moving party produces evidence on which a reasonable trier of fact could find in its favor, viewing the record as a whole and in light of the evidentiary burden the law places on that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The nonmoving party cannot simply rest on its allegations without any significant probative evidence tending to support the complaint. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp. v. Catrell*, 477 U.S. 317, 322-23 (1986).

**C. Presumption of Correctness**

In a tax refund action, any deficiency as determined by the Commissioner is presumptively correct. *Foster v. Commissioner*, 756 F.2d 1430, 1439 (9th Cir. 1985), *cert. denied*, 474 U.S. 1055 (1986).

///

**IV. ANALYSIS**

**A. Motion to Dismiss**

**1. Subject Matter Jurisdiction**

Defendants do not challenge subject matter jurisdiction, but the federal courts have "an independent obligation to examine their own jurisdiction." *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990).

A federal district court may exercise jurisdiction over a claim for the recovery of erroneously collected tax pursuant to 28 U.S.C. § 1346 only if three prerequisites are met. Plaintiff must have (i) paid the tax in full before filing suit, *Flora v. United States*, 362 U.S. 145, 177 (1957); (ii) filed an administrative claim for refund with the IRS, 28 U.S.C. § 7422(a); *Bear Valley Mutual Water Co. v. Riddell*, 493 F.2d 948, 951 (9th Cir. 1974); and (iii) waited six months or until the IRS denies their claim whichever is earlier, before filing a refund action in a district court, 26 U.S.C. § 6532(a)(1).

Here, the full payment rule is met because Plaintiff alleges that (i) CSATF/SP directly applied a portion of his earnings toward Plaintiff's federal tax liabilities for the 2002 tax year; (ii) he filed a formal appeal; and (iii) he refrained from filing this suit until after receiving notice from the IRS that his claim for a refund was disallowed.

**2. Plaintiff States a Claim**

Defendant moves to dismiss the Second Amended Complaint under Rule 12(b)(6) for failure to state a claim.

Federal Rule of Civil Procedure 8(a) simply requires "a short and plain statement of the claim" giving the defendant fair

**6**

notice of (i) what the plaintiff's claim is and (ii) the ground upon which it rests. *Swierkiewicz v. Sorema*, 534 U.S. 506, 512-13 (2002).[2]  This standard is liberally applied to ensure that claims are determined on their merits. *Id.*  Pleadings prepared by pro se plaintiffs "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations and citations omitted).

Here, the Second Amended Complaint provides adequate notice of the claim for the refund.[3]  The claim: (i) seeks the recovery of overpaid taxes; (ii) alleges facts consistent with a tax refund claim; and (iii) claims jurisdiction for a tax refund under 28 U.S.C. § 1346.[4]  The allegations are sufficient to allow Defendant to file a response.

Plaintiff also pleads facts sufficient to provide notice of grounds for the tax refund claim. In a tax refund suit, the ultimate question is whether Plaintiff has overpaid his taxes. *Lewis v. Reynold*, 284 U.S. 281 (1932). In most cases of this type, taxpayers prove overpayment by challenging the substantive

---

[2] Under certain circumstances, allegations may be subject to a heightened pleading standard. For example, Federal Rules of Civil Procedure 9 requires greater specificity in the pleading of fraud claims. Defendants do not suggest that a heightened pleading standard should apply in this case and no authority could be located to suggest a heightened standard should apply in a tax case.

[3] Plaintiff's Due process cause of action need not be discussed because it is subsumed by his refund claim.

[4] Although Plaintiff mislabels this allegation as a Section 1983 claim, the order dismissing the original complaint establishes that such a claim would be inappropriate under the circumstances. The order further states that Plaintiff could "duly file[] a claim for refund" upon amendment of the complaint.

**7**

tax analysis used by the IRS to determine the deficiency.  Such challenges may involve complex analysis that afford the taxpayer with multiple grounds for support.  Fair notice in this instance requires a factual basis for the challenge.  Here, where no deficiency has been assessed, Plaintiff simply seeks to prove overpayment by showing that taxes paid exceed taxes owed.  As such, under the liberal pleading standards of Rule 8(a), Plaintiff provides fair notice to Defendant of the basis of the refund claim by alleging that taxes were withheld by CSATF/SP and applied towards his federal tax liability.  Defendant's motion to dismiss for failure to state a claim must be denied because Second Amended Complaint adequately provides fair notice of the claim and its basis.  Absent any heightened standard, no more is required.  Defendant's motion to dismiss is **DENIED**.

**B. Summary Judgment**

Defendant moves in the alternative for summary judgment, arguing that since (i) the presumption of correctness requires Plaintiff to come forward with enough evidence to support a finding contrary to the Commissioner and (ii) Plaintiff "cannot demonstrate that federal taxes were withheld," there are no genuine disputes of material fact.

**1. Summary Judgment Should be Stayed**

Plaintiff requests that the ruling on summary judgment be delayed until he has had a chance to obtain certain documents in discovery.

Federal Rule of Civil Procedure 56(f) provides that:
> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify

**8**

>             the party's opposition, the court may refuse the
>             application for judgment or may order a continuance to
>             permit affidavits to be obtained or depositions to be
>             taken or discovery to be had or may make such other
>             order as is just.

This rule allows litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence. *United States v. Kitsap Physician Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Although 56(f) "may" disallow discovery where the nonmoving party has not submitted evidence supporting its opposition, the Supreme Court has restated the rule as requiring discovery "where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Anderson*, 477 U.S. at 250. Where no discovery has taken place, a pro se party cannot be expected to frame its motion for discovery with great specificity as to the kind of discovery likely to turn up useful information. *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004); *Burlington Northern & Santa Fe Ry. v. Assiniboine*, 323 F.3d 767, 774 (9th Cir. 2003).

  Here, Plaintiff's request to postpone ruling on summary judgment pursuant to Rule 56(f) should be granted because (i) there has been no discovery and (ii) Plaintiff is proceeding pro se and is incarcerated. The proof of whether the IRS received the withheld payments for federal income tax shown by the state prison's withholding and earnings statement is in the possession of the United States. Any postponement must be reasonably limited to afford reasonable time for ascertainment of whether any taxes were actually withheld and paid to the IRS.

**2. Discovery Should be Limited**

  The decision that "summary judgment was premature in light

1  of Rule 56(f) motion does not require that the district court
2  permit wholesale discovery." *Burlington Northern*, 323 F.3d at
3  775.  Rather, the district court may tailor limited discovery
4  before again entertaining a motion for summary judgment. *Id.*
5     Here, discovery will initially be limited to Plaintiff's
6  federal tax account transcript.  This document will clarify
7  whether taxes have been withheld and paid on Plaintiff's behalf
8  during the 2002 tax year, and if so, how much.  Defendant shall
9  provide a copy of this document to Plaintiff within sixty days
10 following service of this order.  Thereafter, the court will
11 entertain a renewed motion for summary judgment and/or motions
12 for further discovery.

### v. CONCLUSION

14    For the reasons set forth above: (i) the motion to dismiss
15 is denied; (ii) the motion for summary judgment is stayed
16 pursuant to Rule 56(f); and (iii) Defendant shall provide to
17 Plaintiff a copy of his tax transcript for the 2002 tax year
18 within thirty days of service of this order.

20 SO ORDERED.
21 DATED:  August __30___, 2006.

                                    /s/ OLIVER W. WANGER_____
                                        Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE

**10**