IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIO MARTIN SEPULVEDA,<br><br>          Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | No. CV-F-03-6854 OWW/SMS<br><br>ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT (Doc. 47) AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR DEFENDANT |

Aurelio Martin Sepulveda, a state prisoner incarcerated at Corcoran State Prison and proceeding *in pro per*, is proceeding pursuant to a Second Amended Complaint. The Second Amended Complaint alleges in pertinent part:

> 10. Plaintiff ... was employed by the California Substance Abuse Treatment Facility and State Prison (herein after [sic] SATF) and hired to weld cuffport tray slots onto cell doors by the Inmate Day Labor (herein after [sic] I.D.L.) while plaintiff was housed in D-Facility from the period of March 21, 2002 through a portion of July, 2002, and earning wages.
>
> 11. Plaintiff ... was then transferred to

1

|     |     |
| --- | --- |
| 1   | the D-Facility satelite [sic] dinning [sic] |
| 2   | room at the completion of the (SATF) cuffport project in D-Facility. |

3   12.  Plaintiff ... was re-assigned as a Cook
     in the D-Facility satelite [sic] kitchen
4    under job# DFCD.305 D-Fac.Cook.

5   13. ... [O]n September 07, 2002, he was again
     re-assigned to the Institution's Central
6    Kitchen as a Lunchroom (sack lunch preparer),
     job#MKS-255, and earning wages.

7
    14. ... [I]n November of 2002, he was once
8    again re-assigned to the D-Facility dinning
     [sic] room (satelite [sic] kitchen) as a
9    Scullary [sic] Leadman job#DRSFD.302, and
     earning wages until December 16, 2002 when
10   plaintiff was transferred to E-Facility.

11  15. ... [O]n January 1, 2003 [plaintiff] sent
     a letter to the United States - Department of
12   the Treasury - Internal Revenue Service
     addressed to Ogden, Utah ... requesting a set
13   of 1040EZ forms and any other information for
     filing of an Income Tax Return for the year
14   2002.

15  16. ... [O]n ... February 25, 2003, he
     received a letter and attached 1040EZ form
16   ... responding to plaintiff's request.

17  17. ... [O]n ... March 03, 2003, plaintiff
     filed a timely Claim for Refund pursuant to
18   26 U.S.C.S. § 7422(a), in recovery of taxes
     erroneously assessed and wrongfully <u>collected</u>
19   for wages <u>earned</u> and taxes <u>paid</u> while
     employed at (SATF) ....

20
    18. ... [T]he tax in question was <u>paid in
21   full</u> by the California Department of
     Corrections (CDC) - Cal. Substance Abuse
22   Treatment Facility and State Prison (SATF)
     his <u>employer</u> and payment/credit applied to
23   his name and account/social security number
     for the tax year 2002.
24
    19.  Plaintiff ... filed an Internal Revenue
25   Service Income Tax 1040EZ form for his wages
     earned and taxes paid for the tax year 2002,
26   while employed at (SATF) in Corcoran ... on

2

|   |   |
|---|---|
| 1 | ... March 03, 2003.  He attached a cover letter explaining his reason for not submitting a W-2 form and that he was an inmate employed with wages earned.  In substitution he attached a set of State of California - Department of Corrections (CDC1697) Inmate Work Supervisor's Time Log Sheets for the year 2002, as proof of hours worked, wages earned, and attached them to the 1040EZ form, and sent them addressed for Internal Revenue Service, Fresno, California. |

> ... March 03, 2003.  He attached a cover letter explaining his reason for not submitting a W-2 form and that he was an inmate employed with wages earned.  In substitution he attached a set of State of California - Department of Corrections (CDC1697) Inmate Work Supervisor's Time Log Sheets for the year 2002, as proof of hours worked, wages earned, and attached them to the 1040EZ form, and sent them addressed for Internal Revenue Service, Fresno, California.
>
> 20.  Plaintiff ... simultaneously filed Claim State of California 540 form with the State of California Franchise Tax Board ....
>
> 21.  Plaintiff['s] ... State Claim was accepted and processed through reflecting all payments applied to the tax year 2002 and is proof of employment.
>
> ...
>
> 23. ... [In] July of 2003, plaintiff re-filed a 1040EZ Claim for refund for the year 2002, and enclosed a formal Appeal signed under penalty of perjury by way of letter/Declaration, in regards to his initial Claim filed in March of 2003.
>
> 24. ... [O]n ... August 21, 2003, he received a Notice (see attached Exhibit - C) sent by the Defendant United States, dated July 28, 2003, advising plaintiff that his refund in the amount of $1,142.00 on his claim would not be issued due to an investigation by defendant United States.  Defendant United States claimed that Corcoran State Prison informed them that plaintiff was never employed at any time during the tax year.

The Second Amended Complaint also alleges that the IRS breached statutory duties and denied  Plaintiff due process in the handling and investigation of Plaintiff's claim for refund and appeal of the denial of the claim for refund.  The Second Amended Complaint seeks a refund of taxes withheld and paid to the

3

1  Internal Revenue Service in the amount of $1,142.00.

2      The United States previously moved for summary judgment.  In
3  a tax refund action, any deficiency as determined by the
4  Commissioner is presumptively correct.  *Foster v. Commissioner*,
5  756 F.2d 1430, 1439 (9th Cir.1985), *cert. denied*, 474 U.S. 1055
6  (1986).  The United States argued that summary judgment should be
7  granted because (1) the presumption of correctness requires
8  Plaintiff to come forward with enough evidence to support a
9  finding contrary to the Commissioner and (2) Plaintiff cannot
10 demonstrate that federal taxes were withheld.  By Order filed on
11 August 23, 2006, Plaintiff's request to postpone ruling on the
12 motion pursuant to Rule 56(f), Federal Rules of Civil Procedure,
13 was granted because "the proof of whether the IRS received the
14 withheld payments for federal income tax shown by the state
15 prison's withholding and earning statement is in the possession
16 of the United States."  (Doc. 43).  In addition, discovery was
17 limited to Plaintiff's federal tax account transcript:

> This document will clarify whether taxes have
> been withheld and paid on Plaintiff's behalf
> during the 2002 tax year, and if so, how
> much.  Defendant shall provide a copy of this
> document to Plaintiff ... Thereafter, the
> court will entertain a renewed motion for
> summary judgment and/or motions for further
> discovery.

(Doc. 43).

    The United States has filed a Renewed Motion for Summary
Judgment.  Plaintiff has filed an opposition to the motion and
the United States has filed a reply.

4

A.  <u>Governing Standards</u>.

Summary judgment is warranted only "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact." Rule 56(c), Federal Rules of Civil Procedure; *California v. Campbell*, 138 F.3d 772, 780 (9th Cir.1988). Therefore, to defeat a motion for summary judgment, the non-moving party must show (i) that a genuine factual issue exists and (ii) that this factual issue is material. A genuine issue of material fact exists when the non-moving party produces evidence on which a reasonable trier of fact could find in its favor, viewing the record as a whole and in light of the evidentiary burden the law places on that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The non-moving party cannot simply rest on its allegations without any significant probative evidence tending to support the complaint. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.2001). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp. v. Catrell*, 477 U.S. 317,

5

322-323 (1986).

B. <u>Background</u>.

Ronald R. Hansen, Custody Captain of the Investigative Services Unit at the California Substance Abuse Treatment Facility and State Prison - Corcoran (CSAFT/SP), avers in pertinent part:

> 3. Every able-bodied inmate committed to the custody of the Director of Corrections is obligated to work as assigned by the staff of the Department of Corrections and by personnel of other agencies to whom the inmate's custody and supervision may be delegated.
>
> 4. The amounts paid to inmates assigned to appropriate work, education, vocation, therapeutic, or other institution programs are not subject to federal or state withholding.
>
> 5. Wages paid to inmates who participate in the Joint Venture Program, however, shall have federal and state taxes withheld from such wages. During 2002, CSATF/SP did not have a Joint Venture Program. Nor does CSAFT/SP have a Joint Venture Program at the present time [November 2004].

The Declaration of Ronald Wergin, IRS Settlement Officer, avers in pertinent part:[1]

> 3. As a Settlement Officer, I have been trained to access and interpret the IRS's electronic information databases, otherwise known as Integrated Data Retrieval System ('IDRS'), and I have twenty-four (24) years

---

[1] A TXMODA transcript contains current account information obtained from the IRS's master file. "TXMODA" is the command code that is entered into the IRS's integrated data retrieval system (IDRS) to obtain the transcript. IDRS is essentially the interface between the IRS employees and IRS's various computer systems. *Kaeckell v. C.I.R.*, 2002 WL 881932 (U.S.Tax Ct.2002).

6

experience accessing and interpreting IDRS records.

5. I reviewed the IDRS records with respect to Martin Sepulveda, social security number 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, for the taxable year 2002. In particular, I reviewed TXMODA and IRPTR. A TXMODA contains all tax module information for a specific type of tax period. A tax module is tax data for one type of tax return, for one tax period, and for one taxpayer. An IRPTR contains all W-2, Form 1098 and Form 1099 information for a specific tax period for one taxpayer. ....

5. The TXMODA transcript for taxable year 2002 had the transaction codes 806 and 768 for the date April 15, 2003. Transaction code 806 indicates that a taxpayer has received a credit for withheld taxes or excess FICA. On the same line, the transcript contains the notation: 'WTHLD TX CR POSTED W/RETURN.' Transaction code 768 indicates that a taxpayer received earned income credit.

6. The same TXMODA transcript has the transaction codes 807 and 765 for the same date April 15, 2003. Transaction code 807 indicates that the IRS reversed the credit for withheld taxes or excess FICA. Transaction code 765 indicates that the IRS reversed the earned income credit.

7. Customarily, reversals made pursuant to transaction codes 807 and 765 indicate that the original postings were made in error. In addition, the notation 'WTHLD TX POSTED W/RETURN' indicates that the taxpayer entered credit for withholding taxes on his return. However, this does not indicate that withholding actually occurred.

8. IRPTR transcripts indicate if withholding occurred. The IRPTR transcript for taxable year 2002 contains the notations 'TOTAL NO. DOCS. 0' and 'NO. SUMMARIZED 0.' These notations indicate that no employers reported income or withholding for the taxpayer for taxable year 2002.

7

>           9.  Based on the TXMODA and the IRPTR, I
>           conclude that no employer withheld income
>           taxes or FICA for the taxpayer for taxable
>           year 2002.

The only evidence presented by Plaintiff that any withholding occurred is the "Return Information Notice" dated April 2, 2003 issued by the California Franchise Tax Board to Aurelio M. Sepulveda, 2978 Everdale Ct., San Jose CA 95148, attached as Exhibit B to the Second Amended Complaint. Exhibit B sets forth a "2002 Tax Year Summary", which shows taxable income of $2,102.00; tax of $21.00, total tax liability of -$80.00, total tax liability of $0.00, and a revised balance of $0.00. The "2002 Tax Year Summary" states:

>           The balance for this tax year reflects all
>           payments or credits applied to your account
>           through 03/28/03.  We did not include
>           balances for other tax years in this notice.
>           If you have a balance on another tax year, we
>           will send a separate billing.

Exhibit B also sets forth an "Explanation of Benefits":

>           We revised your California state income tax
>           return for the 2002 tax year.  The
>           information below explains why we made the
>           revisions:
>
>           We disallowed the contribution you requested
>           because you have no credit available for the
>           tax year.
>
>           We revised your contribution to the
>           California Seniors Special Fund for one of
>           the following reasons: (1) the contribution
>           you designated was more than the amount
>           allowed for your senior exemption, or (b) the
>           amount of credit you had available was not
>           enough to allow the contribution.
>
>           We revised the amount of withholding claimed
>           on your return.  The codes below explain why.

8

>           We based the amount of the withholding
>           allowed on your Forms W-2, Forms 1099, and
>           other withholding documents.  We also may
>           have received information from other tax
>           agencies or your employers.
>
>           Please note, you cannot claim the following
>           Form W-2 items as California income tax
>           withholding:
>
>                - State Disability Insurance
>                  (CASDI, SDI, VPDI).
>
>                - Local tax withheld.
>
>                - Any income tax withheld for
>                  another state.
>
>           We revised the amount to match the total
>           amount shown on your withholding documents.

However, there is no evidence that any Form W-2 was issued to Plaintiff for the tax year 2002.  In fact, the Second Amended Complaint alleges that none was issued.  Nor does Plaintiff present any evidence that Corcoran State Prison or the Department of Corrections withheld any amounts from Plaintiff's earnings at the prison for the purpose of paying federal income tax for tax year 2002.  Plaintiff submits a copy of his Inmate Trust Account Statement for the period January 1, 2002 through July 3, 2002. There is nothing on this statement from which it may be inferred that federal income tax was withheld.

Plaintiff nonetheless argues that summary judgment should be denied.  He refers to the July 28, 2003 response from the IRS to plaintiff's inquiry regarding his claim for refund attached as Exhibit C to the Second Amended Complaint:

>           Corcoran State Prison informed us they did
>           not employ you at any time during calendar

9

1 |           year 2002.  Therefore you will not be issued
2 |           the refund of $1,142.00 claimed on your 2002
            tax year federal income tax return.

Notwithstanding Hanson's declaration, Plaintiff argues that an issue of fact exists because of the statements on the "Return Information Notice" issued by the Franchise Tax Board. Plaintiff also argues that summary judgment should be denied because there are issues of fact that he was in an employer-employee relationship with the prison during 2002, citing Internal Revenue Code provisions, Revenue Rulings and cases defining an employee of a subcontractor and provisions requiring withholding by employers.  In addition, if permitted discovery, he argues that he can provide evidence that he was sub-contracted to install the cuffport tray slots to demonstrate that federal income taxes were in fact withheld.  Plaintiff challenges the IDRS transcripts submitted with the Declaration of Ronald Wergin, contending that these transcripts contain many unexplained deleted portions of notations and that no declarations were submitted by the agents involved indicating the reasons for the changes.  Plaintiff further argues that the notation "TOTAL NO. DOCS. 0" AND "NO. SUMMARIZED 0" do not indicate that no employers reported income or withholding during the tax year as averred by Wergin.  Plaintiff contends that "Total No. Docs." means total number of documents and that "No. Summarized" means number summarized.  Plaintiff contends that he should be permitted to conduct discovery so that a more complete record can be obtained by way of documents from Corcoran State Prison and "their tax

10

documents for the Year for all employees to test the reliability of the submitted Transcripts."

Rule 56(f), Federal Rules of Civil Procedure, provides in pertinent part:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

As explained in *Harris v. Duty Free Shoppers Limited Partnership*, 940 F.2d 1272, 1276 (9th Cir. 1991):

> Ordinarily, summary judgment should not be granted when there are relevant facts remaining to be discovered, but the party seeking discovery bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact.

None of Plaintiff's contentions or the proposed discovery are relevant or likely to lead to evidence creating a genuine issue of material fact. The Second Amended Complaint seeks a refund to federal income tax paid for the tax year 2002. Plaintiff did not pay any such tax. The evidence from Corcoran State Prison and the IRS is that no such tax was paid as withholding. No contention is made by Plaintiff that the IRS claimed that Plaintiff owed federal income tax for the tax year 2002 and did not pay the tax. Plaintiff is not entitled to and cannot receive a refund from the IRS of monies that were not paid to the IRS and which the IRS does not contend Plaintiff owed.

Plaintiff's citation to *Olson v. United States*, 952 F.2d 236 (9th Cir.1991)("If an employer withholds the taxes but fails to pay them over to the government, the employee is nevertheless credited with payment") is inapposite because there is no claim that Plaintiff owed any federal income tax.[2]

ACCORDINGLY, as set forth above,

1. Defendant's Renewed Motion for Summary Judgment is GRANTED.

2. The Clerk of the Court is directed to enter judgment for defendant.

IT IS SO ORDERED.

**Dated:   February 28, 2007**             **/s/ Oliver W. Wanger**
668554                                     UNITED STATES DISTRICT JUDGE

---

[2] Because of this conclusion, it is unnecessary to address Plaintiff's claims that the IRS violated statutory duties and due process. Therefore, summary judgment for Defendant is granted on these claims.

12